**Trisha M. Connors, Esq.**
**ZISA & HITSCHERICH**
**77 HUDSON STREET**
**HACKENSACK, NEW JERSEY 07601**
**(201) 342-1103**
**Attorneys for Plaintiff**

_____

| | | |
|---|---|---|
| GERALDINE ROBINSON, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | CASE NO: |
| v. | : | |
| | : | CIVIL ACTION |
| THE AZAM LAW FIRM, PA; | : | |
| COASTAL CREDIT SOLUTIONS, INC.; | : | |
| NULO DEBT PROCESSING, INC.; | : | |
| NISHAT AZAM; ANTONY MURIGU; | : | **COMPLAINT AND** |
| JASON BLACKBURN; JENNA CURTIS. | : | **JURY DEMAND** |
| | : | |
| Defendants. | : | |

_____

The Plaintiff, GERALDINE ROBINSON, by and through her attorneys, ZISA & HITSCHERICH, and for her causes of action against the defendants states as follows:

**JURISDICTION AND PARTIES**

1. Jurisdiction of this Court arises under 18 U.S.C. §1962 and 18 U.S.C. §1331 (a)(1).

2. Plaintiff Geraldine Robinson resides at 300 Overlook Avenue, Apt. 1K, City of Hackensack, County of Bergen and State of New Jersey. She is a retired nurse living on social security and her nurse's pension. She is 88 years old.

3. Defendant The Azam Law Firm ("ALF") is located at 1307 International Parkway South, Suite 1071, City of Lake Mary, State of Florida. ALF may be served with process through its registered agent, Nishat Azam. Defendant Antony Murigu is the registered agent for ALF in California.

1

4. Defendant Coastal Credit Solutions ("Coastal") is a corporation with its principal place of business at 4747 Viewridge Ave., #200, San Diego, California 92123. Coastal may be served with process through its registered agent, Antony Murigu.

5. Defendant Nishat Azam ("Azam") was and is the principal attorney at Defendant ALF and is personally responsible for the acts of the enterprise and its employees pursuant to 18 U.S.C. §1962(c) and N.J.S.A. 2C:41-2(b).

6. Defendant Antony Murigu ("Murigu") is the Chief Executive Officer of Defendant Coastal and is personally responsible for the acts of the enterprise and its employees pursuant to 18 U.S.C. §1962(c) and N.J.S.A. 2C:41-2(b).

7. Defendant Nulo Debt Processing ("Nulo") is located at 4747 Viewridge Avenue, Suite 220, San Diego, California. Nulo may be served with process through its registered agent, Steven M. Ashburn.

8. Defendant Jason Blackburn ("Blackburn") is located at 4747 Viewridge Avenue, Suite 200, San Diego, California. Blackburn was the primary contact for Plaintiff Gertrude Robinson when she called Defendants Coastal, ALF and Nolu.

9. Defendant Jenna Curtis ("Curtis") is a "Credit Advisor" at Defendant Coastal. Her actions were either expressly or impliedly authorized by Coastal.

10. Defendant Azam has engaged in the pattern of racketeering activities described below.

11. Defendant Murigu has engaged in the pattern of racketeering activities described below.

12. Defendant Blackburn has engaged in the pattern of racketeering activities described below.

13. Defendant Curtis has engaged in the pattern of racketeering activities described below.

14. Defendant ALF is a business entity that acts or offers to act for consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of any debts of the debtor.

15. Defendant Azam is an attorney <u>not</u> licensed in New Jersey who acts or offers to act for consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of any debts of the debtor. A majority of Defendant Azam's law practice is debt adjustment.

16. Defendant Coastal is a business entity that acts or offers to act for consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of any debts of the debtor.

17. Defendant Nulo is a business entity that receives money or other property from consumers, or on behalf of consumers, for payment to, or distribution among, the creditors of the consumer.

18. Defendant Murigu is a person who receives money or other property from consumers, or on behalf of consumers, for payment to, or distribution among, the creditors of the consumer.

19. Defendant Blackburn is a person who receives money or other property from debtors, or on behalf of debtors, for payment to, or distribution among, the creditors of the consumer.

3

20. Defendant Curtis is a person who receives money or other property from debtors, or on behalf of debtors, for payment to, or distribution among, the creditors of the consumer.

## FACTUAL BACKGROUND

21. Defendants Coastal and ALF operate an enterprise offering to assist consumers in debt to eliminate their debt by participating in a program that attempts to negotiate reduced payoffs in settlement of the debts.

22. Plaintiff Gertrude Robinson was searching for help with her debts on the internet. Ms. Robinson saw Defendant Coastal's website which offered <u>free</u> debt relief and called to ask for information.

23. Ms. Robinson spoke to Defendant Curtis on June 17, 2009. Ms. Curtis told her that Coastal could settle all of her $37,000 in credit card debts for $17,802.00 in three years.

24. Ms. Robinson provided Ms. Curtis with her name and address and social security number and Ms. Curtis told Ms. Robinson she would transfer her to Defendant ALF for processing.

25. Defendant Blackburn spoke to Ms. Robinson. He told her he was with ALF and that she would have to pay $577.28 per month for three years and all of her debts would be settled. Ms. Robinson forwarded a cancelled check from her bank account to Mr. Blackburn at Defendant ALF so that Blackburn and ALF could withdraw the funds each month.

26. Defendant Blackburn told Ms. Robinson that Defendant Nulo would hold her funds in a trust account in her name and when enough money had accumulated he would settle her debts.

27. In reliance on these statements and on the website, Geraldine Robinson entered an agreement with Defendant ALF on June 25, 2009.

28. Ms. Robinson paid Defendants Coastal, ALF, Azam, Nulo, Murigu, Blackburn and Curtis $577.28 on June 26, 2009. On July 10, 2009, Defendants Coastal, ALF, Azam, Murigu and Nulo withdrew by wire transfer $430.63 in legal fees and $39.00 in monthly service fees. On August 5, 2009, Defendants Coastal withdrew by wire transfer to take $577.28 from Ms. Robinson's personal checking account and placed it in her "trust account" at Nulo. On August 14, 2009, Defendants Coastal, ALF, Azam, Murigu and Nulo withdrew by wire transfer $430.62 in legal fees and $39.00 in monthly service fees from this "trust account". On September 8, Defendants Coastal, ALF, Azam, Murigu and Nulo withdrew by wire transfer $577.28 from Ms. Robinson's personal checking account and placed it in her "trust account" at Nulo. On September 14, 2009, Defendants Coastal, ALF, Azam, Murigu and Nulo withdrew by wire transfer $430.62 in legal fees and $39.00 in monthly services fees from this "trust account".

29. On September 29, 2009, Ms. Robinson terminated her agreement with Defendants Coastal, ALF, Azam, Murigu and Nulo. Defendant ALF sent Ms. Robinson a refund check for $322.96 as "payment in full" despite the fact that Ms. Robinson paid Defendants a total of $1,731.84. Defendants Coastal, ALF, Azam, Murigu and Nulo received $1,408.88 in fees and settled no debts and contacted no creditors on Ms. Robinson's behalf.

## FIRST COUNT

## DEBT ADJUSTMENT AND CREDIT COUNSELING ACT

30. Paragraphs 1 through 29 are hereby incorporated as though fully set forth herein.

5

31. New Jersey defines "Debt Adjuster" as follows:

> A person who either (a) acts or offers to act for a consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of any debts of the debtor, or (b) who, to that end, receives money or other property from the debtor, or on behalf of the debtor, for payment to, or distribution among, the creditors of the debtor. N.J.S.A. 17:16G-1.

32. New Jersey requires that any person engaged in debt adjustment be licensed by the Department of Banking and Insurance. In order to get a license, the company must be a non-profit organization that charges less than $15.00 in fees per month. N.J.S.A. 17:16G-2 through 17:16G-8.

33. Defendant Coastal is a debt adjuster as defined by N.J.S.A. 17:16G-1.

34. Defendant ALF is a debt adjuster as defined by N.J.S.A. 17:16G-1.

35. Defendant Nulo is a debt adjuster as defined by N.J.S.A. 17:16G-1.

36. Defendant Murigu is a debt adjuster as defined by N.J.S.A. 17:16G-1.

37. Defendant Blackburn is a debt adjuster as defined by N.J.S.A. 17:16G-1.

38. Defendant Curtis is a debt adjuster as defined by N.J.S.A. 17:16G-1.

39. Defendants Coastal, ALF, Nulo, Murigu, Blackburn and Curtis are not licensed by the New Jersey Department of Banking and Insurance.

40. Geraldine Robinson suffered damages as a result of Defendants' illegal debt adjusting activities.

WHEREFORE, the Plaintiff, Geraldine Robinson, demands judgment against the Defendants for violation of N.J.S.A. 17:16G-2 with damages pursuant to N.J.S.A.17:16G-8 as follows:

A. Compensatory damages;

B. Cost of Suit;

C. Punitive damages;

D. Interest;

E. Reasonable attorney's fees;

F. Such other relief as the court deems just and equitable.

## SECOND COUNT

## COMMON LAW FRAUD

41. Geraldine Robinson repeats, reiterates and realleges each and every allegation set forth in the First count of the complaint as though set forth fully at length.

42. Ms. Robinson saw an internet website from Defendant Coastal promising to cut out the stress and eliminate her credit card debt for free.

43. Defendants Curtis, Blackburn, Coastal, ALF and Nulo told Ms. Robinson that they would settle $37,000 worth of debts for $17,802.00 if she paid $578.22 per month. Defendants did not tell Ms. Robinson that they would take their fees from 80% of those payments and that she would accumulate only $322.96 after paying nearly $1800.00 in the first three months.

44. Plaintiff Geraldine Robinson relied on these representations and entered a contract with Defendants Coastal, ALF and Nulo for debt adjustment services.

45. As a result of her reliance on the misrepresentations, Ms. Robinson's credit has completely deteriorated and she lost money she could have otherwise used to pay her creditors. She has suffered damages.

7

WHEREFORE, the Plaintiff, Geraldine Robinson, demands judgment against the Defendants for common law fraud with damages as follows:

A. Compensatory damages;

B. Cost of Suit;

C. Punitive damages;

D. Interest;

E. Reasonable attorney's fees;

F. Such other relief as the court deems just and equitable.

## THIRD COUNT

## NEW JERSEY CONSUMER FRAUD ACT

46. Plaintiff Geraldine Robinson repeats, reiterates and realleges each and every allegation set forth in the First and Second counts of the complaint as though set forth fully at length.

47. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis used fraudulent, misleading, deceptive and unconscionable business practices in the sale of debt settlement services to Geraldine Robinson in violation of N.J.S.A. 56:8-2, *et seq*.

48. Geraldine Robinson relied on these deceptive acts and practices to her detriment and suffered immeasurable harm.

WHEREFORE, the Plaintiff, Geraldine Robinson, demands judgment against the Defendants for common law fraud with damages as follows:

A. Compensatory damages and treble damages;

B. Attorneys' fees and Cost of Suit;

8

C.      Punitive damages;

D.      Interest;

E.      Such other relief as the court deems just and equitable.

## FOURTH COUNT

## NEW JERSEY RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (NJRICO)

49.    Plaintiff Geraldine Robinson repeats, reiterates and realleges each and every allegation set forth in the First, Second and Third counts of the complaint as though set forth fully at length.

50.    Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis engaged in deceptive business practices as defined by N.J.S.A. 2C:21-7(e).

51.    Under New Jersey's RICO statutes, "it shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in or activities of which affect trade or commerce." N.J.S.A. 2C:41-2(b).

52.    N.J.S.A. 2C:41-1 (NJRICO) includes violation of N.J.S.A. 2C:21-7(e) as "racketeering".

53.    Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis have received income from racketeering and used this income to engage in the enterprise of debt adjusting.

54.    Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis have thus violated N.J.S.A. 2C:41-2, the NJRICO statute.

WHEREFORE, Plaintiff, Geraldine Robinson, demands judgment against the Defendants for violation of NJRICO and damages as follows:

        A.      Compensatory damages and treble damages;

        B.      Attorneys' fees and Cost of Suit;

        C.      Punitive damages;

        D.      Interest;

        E.      Such other relief as the court deems just and equitable.

## FIFTH COUNT

## VIOLATIONS OF 18 U.S.C. § 1962 (RICO)

55. Plaintiff Geraldine Robinson repeats, reiterates and realleges each and every allegation set forth in the First, Second, Third and Fourth counts of the complaint as though set forth fully at length.

56. Defendants Coastal, ALF and Nulo are distinct enterprises as defined in 18 U.S.C. §1692 (4).

57. Defendants Coastal, ALF and Nulo have engaged in a pattern of racketeering activities at least two times in violation of 18 U.S.C. § 1962(a). The predicate offenses committed by Coastal, ALF and Nulo include mail fraud under 18 U.S.C. §1341 and wire fraud pursuant to 18 U.S.C. §1643.

58. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis have used the mail to assist their activities of deceiving clients such as the plaintiff herein. The defendants have committed mail fraud in their activity to induce clients such as Geraldine Robinson to participate in the enterprise's "debt relief" program.

10

59. Geraldine Robinson received the written hard copy "application" to participate in Coastal and ALF's program via the regular United States Postal Service. Geraldine Robinson returned the hard copy of the application via the United States Mail and via facsimile transmission over telephone lines.

60. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis have committed wire fraud in contacting the plaintiff via telephone and by the use of wire transfers in taking $577.28 on three separate occasions as described above.

61. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis' racketeering activities to recruit and enlist clients such as the plaintiff through the use of the internet and United States Mail is an element of a scheme to defraud consumers such as Geraldine Robinson as she was desperate to lower her debt burden.

62. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis' racketeering activities to solicit clients such as Geraldine Robinson and to obtain access to her bank account for the purpose of withdrawing funds electronically is an element of the scheme to defraud clients such as Geraldine Robinson.

63. Defendant corporations Coastal, ALF and Nulo are liable for the actions of its officers, agents, and employees under the principle of *respondeat superior*, because the individuals took the alleged actions on behalf of the defendant corporations.

64. Defendants Coastal, ALF and Nulo benefitted directly from the actions taken by their officers, agents and employees as they accepted the payments from Geraldine Robinson.

65. The enterprise known as Coastal Credit Solutions, Inc. is engaged in or effects interstate commerce.

11

66. The enterprise known as The Azam Law Firm is engaged in or effects interstate commerce.

67. The enterprise known as Nulo Debt Processing is engaged in or effects interstate commerce.

68. As a standard practice Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis made the following representations to Geraldine Robinson:

a. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis sent Geraldine Robinson through the United States Mail, from its offices in San Diego, California to Hackensack, New Jersey, information and literature claiming that Geraldine Robinson would be debt free in three years if she followed the ALF Program. They did not tell Ms. Robinson that they would take most of her payments as their fees.

b. Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis used the United States Mail and the telephone, from its offices in San Diego, California to plaintiff's home in Hackensack, New Jersey, to tell Geraldine Robinson to stop making payments to their creditors and to allow Defendants Coastal, ALF, Nulo, Azam, Murigu, Blackburn and Curtis to transfer funds for payment to Coastal, ALF and Nulo. As a consequence, Geraldine Robinson lost $1,411.00 that she could have used to pay her creditors.

c. The mail fraud and wire fraud detailed in paragraphs 1 through 29 and 54 through 67 above are elements of a scheme to defraud Ms. Robinson and other persons, and were made for the purpose of executing the scheme.

WHEREFORE, the Plaintiff, Geraldine Robinson, demands judgment against the Defendants as follows:

A. Compensatory damages and treble damages pursuant to 18 U.S.C. §1965(c);

12

B.     Attorneys' fees and Cost of Suit;

C.     Punitive damages;

D.     Interest;

E.     Such other relief as the court deems just and equitable.

## SIXTH COUNT

## ILLEGAL CONTRACT

69.    Plaintiff Geraldine Robinson repeats, reiterates and realleges each and every allegation set forth in the First, Second, Third, Fourth and Fifth counts of the complaint as though set forth fully at length.

70.    Contracts involving illegal acts are void on their face.

71.    Defendants Coastal, ALF and Nulo entered contracts with Geraldine Robinson for debt adjustor services even though none of the defendants was licensed to perform that service in New Jersey.  N.J.S.A. 17:16G-1 prohibits debt adjusters from doing business in this state without a license.

WHEREFORE, the Plaintiff Geraldine Robinson demands judgment against the Defendants that the contract was void for illegality and damages as follows:

A.     Compensatory damages and treble damages;

B.     Attorneys' fees and Cost of Suit;

C.     Punitive damages;

D.     Interest;

E.     Such other relief as the court deems just and equitable.

## SEVENTH COUNT

## UNCONSCIONABILITY

13

72. Plaintiff, Geraldine Robinson repeats each and every allegation contained in the First, Second, Third, Fourth, Fifth and Sixth Count as if set forth at length herein.

73. Defendants Coastal, ALF and Nulo provided Geraldine Robinson with a contract to sign. Defendants Coastal, ALF and Nulo did not give Geraldine Robinson the opportunity to change any terms of the contract.

74. The terms of the contract required Geraldine Robinson to pay fees, though the exact amount of the fees were not stated in the contract.

75. In exchange for the unspecified fees, Defendants Coastal, ALF and Nulo agreed to negotiate with Geraldine Robinson's creditors for a lower payoff than otherwise required. This business activity is illegal in the State of New Jersey.

76. Defendants Coastal, ALF and Nulo did not promise to reach a settlement on the loans and specifically stated that they were not obligated to reach a settlement. The contract also stated that the fees were nonrefundable, regardless of whether any settlement was reached.

77. The terms of the contract were both procedurally and substantively unconscionable. Thus the contract violated the Consumer Fraud Act N.J.S.A. 56:8-2.

14

WHEREFORE, the Plaintiff, Geraldine Robinson, demands judgment against Defendants as follows:

    A.    Rescission of the contract and reimbursement of all payments made to date.

    B.    Compensatory damages and treble damages;

    C.    Attorneys' fees and costs of suit;

    D.    Punitive Damages;

    E.    Such other relief as the court deems just and equitable.

DATED:                                      ZISA & HITSCHERICH, ESQS
                                                Attorneys for Plaintiffs

                                                /s_____
                                                TRISHA M. CONNORS, ESQ.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Geraldine Robinson hereby demands a trial by jury on all issues.


DATED:                                       ZISA & HITSCHERICH, ESQS
                                                 Attorneys for Plaintiffs


                                                 /s _____
                                                 TRISHA M. CONNORS, ESQ.

## **CERTIFICATION PURSUANT TO R. 4:5-1**

The undersigned hereby certifies upon information and belief that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding.

Dated:  ZISA & HITSCHERICH
  Attorneys for Plaintiffs


  __/s_____
  TRISHA M. CONNORS, ESQ.

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that attorney TRISHA M. CONNORS is hereby designated as trial counsel in the above captioned litigation.

                                        ZISA & HITSCHERICH, ESQS.

Dated:                                 /s_____
                                          TRISHA M. CONNORS, ESQ.